IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| SANDRA JEAN LIPSCOMB,<br>*pro se* Plaintiff, | )<br>)<br>) |
| v. | ) Civil No. 3:17cv234 (DJN) |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

On October 22, 2012, Sandra Jean Lipscomb ("Plaintiff") protectively applied for Supplemental Security Income ("SSI") under the Social Security Act ("Act"), alleging disability from chronic obstructive pulmonary disease ("COPD"), varicose veins, depression and allergies, with an alleged onset date of October 12, 2011. The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration. Thereafter, an Administrative Law Judge ("ALJ") denied Plaintiff's claims in a written decision and the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner.

Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g), arguing that the Appeals Council erred in refusing to grant her request for review. (Mem. in Support of Pl.'s Mot. For Summ. J. ("Pl.'s Mem.") (ECF No. 13) at 1.) This matter now comes before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the parties' cross-

motions for summary judgment, rendering the matter ripe for review.[1] For the reasons that follow, the Court hereby DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13), GRANTS Defendant's Motion for Summary Judgment (ECF No. 14) and AFFIRMS the final decision of the Commissioner.

## I. PROCEDURAL HISTORY

On October 22, 2012, Plaintiff filed an application for SSI with an alleged onset date of October 12, 2011. (R. at 110, 207.) The SSA denied these claims initially on May 30, 2013, and again upon reconsideration on January 31, 2014. (R. at 99-109, 111-22.) At Plaintiff's written request, the ALJ held a hearing on June 17, 2015. (R. at 62-98.) On September 11, 2015, the ALJ issued a written opinion, denying Plaintiff's claims and concluding that Plaintiff did not qualify as disabled under the Act, because if Plaintiff stopped her substance use, she could perform her past relevant work as a housekeeper. (R. at 39-56.) On January 24, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner subject to review by this Court. (R. at 1-4.)

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, a court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence requires more than a scintilla but less than a

---

[1] The administrative record in this case remains filed under seal, pursuant to E.D. Va. Loc. R. 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments, and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

preponderance, and includes the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Indeed, "the substantial evidence standard 'presupposes . . . a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Dunn v. Colvin*, 607 F. App'x. 264, 274 (4th Cir. 2015) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988)). To determine whether substantial evidence exists, the court must examine the record as a whole, but may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). In considering the decision of the Commissioner based on the record as a whole, the court must "take into account whatever in the record fairly detracts from its weight." *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if substantial evidence in the record supports the findings, bind the reviewing court to affirm regardless of whether the court disagrees with such findings. *Hancock*, 667 F.3d at 477. If substantial evidence in the record does not support the ALJ's determination or if the ALJ has made an error of law, the court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The Social Security Administration regulations set forth a five-step process that the agency employs to determine whether disability exists. 20 C.F.R. § 416.920(a)(4); *see Mascio*, 780 F.3d at 634-35 (describing the ALJ's five-step sequential evaluation). To summarize, at step one, the ALJ looks at the claimant's current work activity. § 416.920(a)(4)(i). At step two, the

ALJ asks whether the claimant's medical impairments meet the regulations' severity and duration requirements. § 416.920(a)(4)(ii). Step three requires the ALJ to determine whether the medical impairments meet or equal an impairment listed in the regulations. § 416.920(a)(4)(iii). Between steps three and four, the ALJ must assess the claimant's residual functional capacity ("RFC"), accounting for the most that the claimant can do despite her physical and mental limitations. § 416.945(a). At step four, the ALJ assesses whether the claimant can perform her past work given her RFC. § 416.920(a)(4)(iv). Finally, at step five, the ALJ determines whether the claimant can perform any work existing in the national economy. § 416.920(a)(4)(v).

When the sequential analysis leads to a disability determination based, in part, on alcohol or drug dependence, the inquiry into the claimant's disability does not end there. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012). In 1996, the Contract with America Advancement Act amended the Act to preclude a finding of disability "if alcoholism or drug addiction is a material contributing factor to the disability finding." *Delk v. Colvin*, 675 F. App'x 281, 283 (4th Cir. 2017) (citing 42 U.S.C. § 1382c(a)(3)(J) and *Cage*, 692 F.3d at 123). Under the regulations, alcohol or drug addiction qualifies as a material contributing factor "if the claimant would not meet [the SSA's] definition of disability" but for her alcohol and/or drug use. SSR 13-2p, 2013 WL 621536 at *4 (Feb. 20, 2013).

If at the conclusion of the five-step analysis, an ALJ finds "both a disability and evidence of substance abuse," the ALJ must then determine whether the disability would exist without the substance abuse. *Delk*, 675 F. App'x at 283 (citing *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010)). During this analysis, the claimant bears the burden of proving her disability absent her alcohol or drug use. *Delk*, 675 F. App'x at 283; SSR 13-2p, at *4. If the claimant would not qualify as disabled absent her substance abuse, then the claimant's substance use constitutes a

material contributing factor such that it precludes a disability finding. *Delk*, 675 F. App'x at 283-84.

## III. THE ALJ'S DECISION

On June 17, 2015, the ALJ held a hearing during which Plaintiff (then-represented by counsel) and a vocational expert testified. (R. at 62-98.) On September 11, 2015, the ALJ issued a written opinion, finding that Plaintiff did not qualify as disabled under the Act. (R. at 39-56.)

The ALJ followed the five-step evaluation process established by the Act in analyzing Plaintiff's disability claim. (R. at 41-56.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. at 41.) At step two, the ALJ found that Plaintiff had the following severe impairments: COPD; varicose veins; bipolar disorder; personality disorder; heroin dependence; alcohol dependence; and, cocaine dependence. (R. at 41-43.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. (R. at 43-46.)

In assessing Plaintiff's RFC, the ALJ found that Plaintiff could perform light work with additional limitations. (R. at 46-50.) Plaintiff could frequently lift, carry, push and pull ten pounds and occasionally twenty pounds. (R. at 46.) She could stand and walk for six hours in an eight-hour workday, as well as sit for six hours in a given workday. (R. at 46.) Plaintiff could not climb ladders, ropes or scaffolds, but she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. (R. at 46.) The ALJ limited Plaintiff to occasional interaction with supervisors, co-workers and the general public. (R. at 46.) Plaintiff could perform simple and routine work-related instructions, and she could concentrate on work-related tasks for two hours before requiring a break. (R. at 46.) Plaintiff could tolerate frequent, but not constant,

5

exposure to extreme cold. (R. at 46.) She could have no exposure to hazards, including unprotected heights or moving machinery. (R. at 46-47.) Finally, Plaintiff would likely stray off task more than fifteen percent of the time. (R. at 47.) Given this RFC, at step four, the ALJ found that Plaintiff could not perform her past relevant work. (R. at 50.) At step five, the ALJ determined that no jobs existed in significant numbers in the national economy that Plaintiff could perform given the RFC. (R. at 51-52.) Therefore, the ALJ found that Plaintiff qualified as disabled. (R. at 52.) Because the ALJ found a disability and evidence of substance abuse — namely, alcohol, cocaine and heroin dependence — the ALJ continued the analysis to determine whether Plaintiff's disability would persist even absent her alcohol and drug use. (R. at 52.)

The ALJ found that if Plaintiff stopped her substance use, she would continue to have the following severe impairments: COPD, varicose veins, bipolar disorder and personality disorder. (R. at 52.) With these severe impairments, the ALJ concluded that Plaintiff would not have an impairment or combination of impairments that met or medically equaled any impairment in the medical listings. (R. at 52-54.)

Next, assuming that Plaintiff stopped her substance abuse, the ALJ assessed Plaintiff's RFC and again found that Plaintiff could perform light work with the additional limitations described above, but with one difference. (R. at 54-56.) The ALJ eliminated the restriction that Plaintiff would likely be off task for more than fifteen percent of the workday. (R. at 47, 54.) Given this new RFC, the ALJ found that Plaintiff could perform her past relevant work as a housekeeper if she ceased her substance use. (R. at 56.) Because Plaintiff would not qualify as disabled absent her alcohol and drug abuse, the ALJ concluded that Plaintiff's substance use disorder constituted a contributing factor material to the disability determination. (R. at 56.) Therefore, Plaintiff did not qualify as disabled under the Act. (R. at 56.)

## IV. ANALYSIS

Plaintiff, fifty-four years old at the time of this Memorandum Opinion, previously worked as a housekeeper. (R. at 110, 231.) She applied for Social Security Benefits, alleging disability from COPD, varicose veins, depression and allergies, with an alleged onset date of October 12, 2011. (R. at 207, 230.) Plaintiff's appeal to this Court alleges that the Appeals Council erred by failing to consider the new evidence that she submitted with her request for review of the ALJ's decision. (Pl.'s Mem. at 1; *see also* ECF No. 9 at 1 ("In 2015[,] my problems, active [i]llness [sic] [were]n't [as] severe as they are now, but the same [i]llness just got more severe.").) For the reasons set forth below, the Appeals Council did not err in its decision.

Plaintiff argues that the Appeals Council erred in denying her request for review and failing to consider the new evidence that she submitted along with her request. (Pl.'s Mem. at 1.) With her request for review of the ALJ's decision, Plaintiff submitted various treatment records and appointment cards dating from March 2016 through November 2016. (R. at 5-34.) She argues that this evidence demonstrates that her condition worsened since the ALJ rendered his decision, and that the Appeals Council should have therefore awarded her benefits. (Pl.'s Mem. at 1.) Defendant responds that the Appeals Council properly denied Plaintiff's request for review. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") (ECF No. 14) at 12-15.) Specifically, Defendant argues that the new evidence does not relate to the relevant period, nor would it have changed the ALJ's decision, which finds support from substantial evidence in the record. (Def.'s Mem. at 13-14.) Because "Plaintiff acknowledges that her conditions have deteriorated since the ALJ's decision," Defendant asserts that Plaintiff's proper remedy lies in filing a new application for benefits. (Def.'s Mem. at 13-14.)

A district court cannot consider evidence that was not presented to the ALJ. *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)); *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972) (citing *Domanski v. Celebrezze*, 323 F.2d 882, 885 (6th Cir. 1963)) (noting that reviewing courts are restricted to the administrative record in determining whether substantial evidence supports the decision). However, when a claimant submits evidence not already in the record to the Appeals Counsel, the Appeals Council must consider that evidence if it is new, material, and relates "to the period on or before the dates of the [ALJ] hearing decision." 20 C.F.R. §§ 416.1470(a)(5), (b)[2]; *Parham v. Comm'r of Soc. Sec.*, 627 F. App'x 233, 233 (4th Cir. 2015) (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991)). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (internal quotations marks omitted).

Here, Plaintiff submitted twenty-nine (29) pages of additional evidence with her request for review to the Appeals Council. (R. at 5-34.) The Appeals Council reviewed the new documents, and determined that the submitted evidence concerned a time after the ALJ rendered his decision. (R. at 2.) Therefore, the Appeals Council concluded that the new evidence did not affect Plaintiff's disability status on or before September 11, 2015 — the date of the ALJ's decision. (R. at 2.) The Appeals Council went on to instruct Plaintiff that, if she wanted the

---

[2] Effective January 17, 2017, the SSA amended 20 C.F.R. § 416.970(b) to also require, *inter alia*, that a claimant show good cause for not submitting the additional evidence to the ALJ pursuant to 20 C.F.R. § 416.1435. The Appeals Council denied Plaintiff's request for review on January 24, 2017, and thus the new rule applies here. (R. at 1, 56.) However, because Plaintiff has failed to satisfy the requirements for Appeals Council review under § 416.970(a), as explained below, the Court does not reach the issue of whether Plaintiff had good cause for not submitting the additional evidence to the ALJ.

SSA to assess whether she qualified as disabled after September 11, 2015, she needed to submit a new application for benefits. (R. at 2.) The Appeals Council did not err in its determination.

The new evidence that Plaintiff submitted to the Appeals Council dates from March 23, 2016, through November 11, 2016. (R. at 5-33.) This evidence came into existence at various points between at least six months and well over a year after the ALJ's decision. (R. at 56.) Nonetheless, where medical evidence "permits an inference of linkage" to the relevant period, it may relate to the Commissioner's disability determination. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 (4th Cir. 2012) (holding that, where such an inference exists, evidence that post-dates the date last insured is admissible to evaluate a disability insurance benefits claim). Thus, the Court will consider the contents of the new evidence submitted by Plaintiff to assess whether it links back to the period before the ALJ's decision.

First, Plaintiff submitted to the Appeals Council discharge notes from Chippenham Johnston-Willis Medical Center ("CJW") dated March 23, 2016. (R. at 25-33.) These notes instructed Plaintiff to continue taking her current medications, not smoke, and follow-up with her treatment providers. (R. at 25-26.) The notes also listed the medications prescribed to Plaintiff at the time of her discharge, and they included educational materials corresponding with those medications. (R. at 27-32.) Finally, the March 2016 records from CJW informed Plaintiff of an online "Patient Portal" available for her use. (R. at 33.) Notably, these records contain no objective medical evidence or medical opinions from Plaintiff's treatment providers. They do not mention why CJW admitted Plaintiff at the time, nor what — if any — treatment she underwent during her hospitalization. Consequently, these records contain no evidence that would permit an inference that they relate to Plaintiff's impairments before the ALJ's decision.

Second, Plaintiff submits nearly identical discharge notes from CJW dated July 30 through August 2, 2016. (R. at 7-23.) Again, these notes instructed Plaintiff on which medications to cease and which medications to start taking, and they included a list of her medications at discharge. (R. at 7, 9.) CJW directed Plaintiff to present to the nearest emergency room if her symptoms returned. (R. at 8.) Like the records from March 2016, these documents primarily consist of educational information for Plaintiff about her various medications and how to access the Patient Portal. (R. at 10-23.) They do not include any objective medical evidence, medical opinions or even Plaintiff's subjective complaints that led to her hospitalization. The CJW records from July through August 2016 lack any information from which the Court could infer that they relate back to the relevant period. Likewise, they provide such little information that no reasonable possibility exists that this evidence would have changed the outcome before the ALJ. Therefore, the Appeals Council properly refused to consider these records as grounds to grant Plaintiff's request for review.

Finally, the three remaining pages that Plaintiff submitted to the Appeals Council similarly lack a connection back to the relevant period. (R. at 5-6, 24.) Plaintiff included appointment cards for three appointments in August 2016 with the Chesterfield County Mental Health Support Services. (R. at 24.) Without more, these cards offer no treatment records, no objective medical evidence and, indeed, no evidence that Plaintiff even attended her scheduled appointments. Likewise, the "Work Order" dated August 9, 2016, indicated delivery of medical supplies to Plaintiff, but nothing more. (R. at 6.) The latest document that Plaintiff submitted to the Appeals Council — handwritten and dated November 17, 2016 — merely stated that Plaintiff attended a meth clinic for the previous 30 days and listed two medications. (R. at 5.) These documents, like the records that Plaintiff submitted from CJW, contain no evidence that they

relate back to Plaintiff's condition before the ALJ's decision or that they would have changed the outcome therein.

Because the new evidence that Plaintiff submitted to the Appeals Council related only to a time period after the ALJ's decision, the Appeals Council did not err in denying Plaintiff's request for review based on that evidence. Similarly, Plaintiff's appeal to this Court argues that her condition has worsened since the ALJ rendered his decision in 2015. (Pl.'s Mem. at 1; ECF No. 9 at 1.) If Plaintiff believes that her condition has deteriorated since September 11, 2015 such that it warrants a disability finding even absent her substance use, then she must file a new application. 20 C.F.R. § 416.330(b) ("If you first meet all the requirements for eligibility after [the Commissioner's final decision], you must file a new application for benefits."). Plaintiff's claim that her impairments have worsened does not necessitate remand. Consequently, the Court finds no error in the Appeals Council review of the ALJ's decision.

## V.     CONCLUSION

For the reasons set forth above, the Court hereby DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13), GRANTS Defendant's Motion for Summary Judgment (ECF No. 14) and AFFIRMS the final decision of the Commissioner.

An appropriate Order consistent with this Memorandum Opinion shall be issued.

Let the clerk forward a copy of this Opinion to *pro se* Plaintiff at her address of record and to all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: <u>March 26, 2018</u>